IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ELIA T. WATKINS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-16-1033 |
| JOHN CULLEN, et al., | * | |
| Defendants. | * | |

***

## MEMORANDUM OPINION

Pending before the Court is Defendants' Supplemental Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 45).[1] The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons stated below, the Court will grant the Motion.

### I. BACKGROUND[2]

On April 7, 2016, Plaintiff Elia T. Watkins sued several employees of the Thomas B. Finan Center (the "Finan Center") in Cumberland, Maryland and an Allegany County Circuit Court judge, alleging violations of his constitutional rights under 42 U.S.C. § 1983

---

[1] Also pending are Plaintiff Elia T. Watkins's "Plaintiff's Rebuttal and Motion for Summary Judgment in his Favor" (ECF No. 47), and "Motion for [Judgment] on the Proceedings," (ECF No. 48). In his Motions, Watkins either repeats his allegations against Defendants or takes issue with how Defendants' counsel is handling this case; he does not present any arguments related to why the Court should grant judgment in his favor. Accordingly, the Court will deny Watkins' Motions.

[2] The Court set forth the facts of this case in its July 20, 2018 Memorandum Opinion. (See ECF No. 41). The Court repeats only facts necessary to resolve the pending Motion. Citations to Watkins' Complaint are to the pages the Court's Case Management and Electronic Case Files ("CM/ECF") system assigned.

(2018). (Compl., ECF No. 1). Watkins, who now lives at the Spring Grove Hospital Center in Catonsville, Maryland, alleges that Finan Center employees treated him improperly, breached his confidentiality, and failed to protect him from assaults by a fellow Finan Center patient. (See id.; Suppls., ECF Nos. 6, 8). As relevant here, Watkins avers that, during a May 8, 2015 conditional release hearing, Defendant Dr. Janet Hendershot falsely testified that Watkins inappropriately touched a fellow patient. (Compl. at 9–10).

On July 20, 2018, the Court granted summary judgment in favor of Defendants, except with respect to Watkins's assertion that Dr. Hendershot testified falsely during Watkins's conditional release hearing, a claim that Defendants did not address in their dispositive motion. (July 28, 2018 Mem. Op. at 17, ECF No. 41). After the Court ordered Defendants to show cause why relief should not be granted to Watkins on his remaining claim, (Oct. 26, 2018 Order, ECF No. 44), Defendants filed their Supplemental Motion to Dismiss or, in the Alternative, Motion for Summary Judgment on November 16, 2018, (ECF No. 45). To date, Watkins has not filed a Response.[3]

---

[3] Pursuant to the dictates of Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), on November 19, 2018, the Clerk of Court informed Watkins that: Defendants had filed a dispositive motion; he had seventeen (17) days in which to file a written opposition to the motion; and that if he failed to respond, the Court may dismiss this case or enter judgment against him. (ECF No. 13). To date, the Court has no record that Watkins filed a response. Instead, he filed two motions of his own, (see supra note 1), which do not substantively address the arguments in Defendants' Motion.

## II. DISCUSSION

### A. Standard of Review

The purpose of a motion under Federal Rule of Civil Procedure 12(b)(6) is to "test[ ] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of America, N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom. Goss v. Bank of America, NA, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268

(1994); Lambeth v. Bd. of Comm'rs, 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

Pro se pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); accord Brown v. N.C. Dep't of Corr., 612 F.3d 720, 722 (4th Cir. 2010). Pro se complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief. Hughes v. Rowe, 449 U.S. 5, 9–10 (1980). But "even a pro se complaint must be dismissed if it does not allege 'a plausible claim for relief.'" Forquer v. Schlee, No. RDB–12–969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) (quoting Iqbal, 556 U.S. at 679). "While pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985)).

**B.  Analysis**

Defendants argue that Dr. Hendershot is entitled to absolute immunity with respect to the testimony she provided at the conditional release hearing. The Court agrees.[4]

---

[4] Defendants also argue that the Court lacks jurisdiction over Watkins's claims against Hendershot to the extent that he seeks to appeal the decisions of state courts and

4

Absolute immunity is designed to protect the judicial process and extends to all those who assist the truth-seeking mission of the court. See Pierson v. Ray, 386 U.S. 547, 554 (1967) (explaining judicial immunity); Imbler v. Pachtman, 424 U.S. 409, 427 (1976) (holding immunity extends to prosecutors); Briscoe v. LaHue, 460 U.S. 325, 330–34 (1983) (holding immunity extends to witnesses). Witnesses' absolute immunity with regard to their testimony shields them from actions for damages brought under § 1983. See Briscoe, 460 U.S. at 335.

The immunity provided to witnesses is broad. It extends to voluntary witnesses as well as compelled witnesses. Day v. Johns Hopkins Health System Corp., 907 F.3d 766, 771 (4th Cir. 2018) (citing Briscoe, 460 U.S. at 333). It extends to witnesses who provide factual as well as those who offer opinion testimony. Id. (citing Bruce v. Byrne-Stevens & Assoc. Eng'rs. 776 P.2d. 666, 668–69 (Wash. 1989)). Witness immunity extends to administrative proceedings. Id. at 772 (citing Butz v. Economou, 438 U.S. 478, 512 (1978)). Further, it extends to those who act with malice, as well as those who testify falsely due to mistaken recollections. Id. (citing Briscoe, 460 U.S. at 330).[5]

In this case, Watkins alleges that Dr. Hendershot testified falsely, repeating what Watkins regards as unsubstantiated hearsay, at the administrative hearing to determine if

---

agencies in this Court and to the extent Watkins asserts a claim under the Maryland Tort Claims Act. The Court does not construe Watkins's pleadings to raise such claims. Rather, as previously noted, the Court construed Watkins's claims against Hendershot as asserting violations of his constitutional rights under § 1983. The Court, therefore, has jurisdiction.

[5] This immunity from civil damages does not protect someone who gives false testimony from all legal consequences, just those a private party can pursue. See Day, 907 F.3d at 773. For examples, a prosecutor could bring a perjury case against a witness who offered false testimony, or a judge could bar a witness from testifying in the future. Id.

Watkins should be released. Whether or not Dr. Hendershot's testimony was false, the context in which she spoke—as an expert witness in the context of an administrative hearing—entitles her to immunity from Watkins's suit. Id. at 771–72. Accordingly, Defendants' Motion will be granted.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Supplemental Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 45). A separate Order follows.

__6/10/19_____             _____/s/_____
Date                                                               George L. Russell, III
                                                                      United States District Judge